UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNIBANK FOR SAVINGS,
     Plaintiff,

    v.

999 PRIVATE JET, LLC, ELINA
SARGSYAN and EDGAR SARGSYAN
    Defendants.

Civil Action No. 4:18-40134

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## ITS MOTION FOR PRELIMINARY INJUNCTION

### STATEMENT OF FACTS[1]

On or about May 4, 2017, the defendants, 999 Private Jet, LLC, Elina Sargsyan and

Edgar Sargsyan (collectively the "Borrowers"), executed a promissory note in favor of the

plaintiff, UniBank for Savings (the "Bank") in the original principal amount of $4,348,334.01

(the "Note").  The Note provides for payment by two-hundred forty (240) equal monthly

installments of $25,501.34 each beginning June 4, 2017.  On or about May 4, 2017, as security

for the Note, 999 Private Jet, LLC executed and delivered to the Bank an aircraft security

agreement (the "Security Agreement") granting the Bank a security interest in a Gulfstream

aircraft, Model G IVSP, Serial No. 1315, FAA Registration No. N999SE, (the "Collateral").   In

perfection of the Bank's security interest in the Collateral, 999 Private Jet, LLC executed and

delivered to the Bank a Federal Aviation Administration Form 8050 which was recorded with the

Civil Aviation Registry.

Beginning with the June 2018 payment, the Borrowers failed to make the required

monthly payments due under the Note and are currently past due for all subsequent payments.

---

[1]   The Statement of Facts is drawn from the Verified Complaint.  For ease of readability, citations have been
    omitted.
Client Matter/23566/00023/A5572660.DOC

The Borrowers' failure to make the required payments constitutes a default thereby entitling the Bank to accelerate the full outstanding balance due under the Note without notice.

By letter dated July 5, 2018, the Bank provided notice to the Borrowers of the payment default under the Note, and the Bank's acceleration of the full outstanding balance. At no time have the Borrowers disputed the debt due the Bank, but notwithstanding, they have failed to pay the outstanding balance due under the Note. As of August 6, 2018, the Borrowers owe the Bank $4,240,440.63, together with subsequently accruing interest at the default rate, late fees, expenses and costs of collection, including attorneys' fees.

## ARGUMENT

### I.    The Bank Is Entitled To Immediate Possession Of The Collateral Under The Terms Of The Security Agreement

Under the Security Agreement, upon the Borrowers' default, the Bank has all the rights of a secured party under the Uniform Commercial Code and the Bank can require 999 Private Jet, LLC to assemble the Collateral and make it available to the Bank at a place to be designated by the Bank. As such, by virtue of the Bank's perfected security interest in the Collateral, and the Borrowers' undisputed payment default, the Bank is entitled to the immediate possession of the Collateral under the parties' agreement.

The First Circuit's standard for granting a preliminary injunction is well settled. A party is entitled to preliminary injunctive relief under Rule 65 of the Federal Rules of Civil Procedure if it can show that (1) it is likely to succeed on the merits of its claims, (2) it will suffer irreparable injury if the injunction is not granted, (3) such injury outweighs the harm which the other party will suffer if the injunction is not granted, and (4) the public interest, if any, will not be adversely affected by the granting of the injunction. United States v. Weikert, 504 F.3d 1, 5 (1st Cir. 2007); TEC Engineering Corp. v. Budget Molders Supply, Inc., 82 F.3d 542, 544 (1st

Cir. 1996), *following remand*, 927 F. Supp. 528 (D. Mass. 1996).  The requirements for an injunctive relief are met here.

### A.      The Bank is Likely to Succeed on the Merits of its Claims

The Bank has a very strong likelihood that it will succeed on the merits of its claims under the Note.  On or about July 5, 2018, the Bank exercised its right to accelerate the full outstanding balance due under the Note as a result of the Borrowers' failure to timely make the required monthly payments.  The Borrowers have not made any payments under the Note since the May 2018 monthly payment, and the outstanding balance as of August 6, 2018 is $4,240,440.63, together with subsequently accruing interest at the default rate, late fees, expenses and costs of collection.  The Borrowers have not disputed their payment obligation to the Bank, and there are no known defenses to the Bank's right to immediate payment and possession of the Collateral.

### B.      The Bank Will Suffer Irreparable Harm

Given that the Borrowers continue to use the Collateral for their sole benefit without making any payments to the Bank, it is clear that the Bank will continue to suffer irreparable harm if the Collateral pledged in connection with Note is not surrendered to the Bank forthwith.  To allow the Borrowers to continue to use the Bank's Collateral will only serve to decrease the value of the Collateral to the continued detriment of the Bank.

### C.      The Balance of Harm Strongly Favors The Bank

In weighing the likelihood that the moving party will suffer irreparable harm if the injunction is *not* granted against the possibility that the non-moving party will suffer harm if the injunction *is* granted, the court does not operate in a vacuum.  "To the extent that the defendant can show harm, this must be discounted by the degree to which that the plaintiff can show likelihood of success.  The more foreseeable plaintiff's ultimate success, the less weight is to be

given to the defendant's loss." *SEC v. World Radio Mission, Inc.*, 544 F.2d 535, 541-42 (1st Cir. 1976); *see also Concrete Mach., Inc. v. Classic Lawn Ornaments*, 843 F.2d 600, 612 (1st Cir. 1988).

Here, as a result of the payment default, the Bank has the contractual right to immediate possession of the Collateral. Other than continuing to use the Collateral for their benefit, notwithstanding their payment default, the Borrowers cannot show that they will suffer *any* legally compensable "harm" if the injunction issues. *See Dion v. Heckler*, 582 F. Supp. 872, 875 (D. Mass. 1984). The Bank thus has made a clear showing of 'a balance of hardships tipping decidedly toward [it as the] party requesting the preliminary relief.'" *Id., quoting Sonesta Int'l Hotels Corp. v. Wellington Associates,* 483 F.2d 247, 250 (2nd Cir. 1973).

## CONCLUSION

For all the foregoing reasons, UniBank for Savings respectfully requests that this Court enter an order enjoining 999 Private Jet, LLC, Elina Sargsyan and Edgar Sargsyan from interfering with its enforcement of its rights under the Security Agreement; enjoining 999 Private Jet, LLC, Elina Sargsyan and Edgar Sargsyan to surrender and deliver the Collateral to UniBank for Savings or its authorized agent at a location designated by it; and such further relief as this Court deems just.

**UNIBANK FOR SAVINGS**

By its attorneys,


/s/ Robert B. Gibbons, Esq.
Robert B. Gibbons, Esq., BBO #631049
Jessica E. Murphy, Esq., BBO #664361
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: (508) 898-1501
Fax:    (508) 898-1502

Dated: August 7, 2018