UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNIBANK FOR SAVINGS,** | ) ) ) | **CIVIL ACTION** |
| Plaintiff-Appellee, | ) ) | No. 4:18-40134-TSH |
| v. | ) ) | Appeal No. 19-1990 |
| **999 PRIVATE JET, LLC, ELINA SARGSYAN, and EDGAR SARGSYAN,** | ) ) ) |  |
| Defendants-Appellees. | ) ) |  |
| **SBK HOLDINGS USA, INC.,** | ) ) ) |  |
| Intervenor-Appellant. | ) ) ) |  |

**ORDER STATING REASONS IN SUPPORT OF ENTRY OF SEPARATE AND FINAL JUDGMENT (Docket No. 48)**

**December 1, 2020**

**HILLMAN, D.J.,**

Pursuant to the First Circuit Court of Appeals' November 2, 2020 Order and having entered a final and separate judgment against the Appellant according to Rule 54(b) of the Federal Rules of Civil Procedure, I find that there was no just reason for delay in my entry of judgment against the Appellant that would deprive the First Circuit of the jurisdiction to consider the resulting appeal, No. 19-1990.

This is an action brought by UniBank for Savings ("Appellee") against 999 Private Jet, LLC, Elina Sargsyan, and Edgar Sargsyan ("Defendants") for breach of a promissory note and security agreement executed by the Defendants in favor of the Appellee. None of the three Defendants has ever appeared in this case. On September 7, 2018, I issued an order authorizing

the Appellee to take possession of the Defendants' Gulfstream airplane, which was the collateral for the promissory note and security agreement. (Docket No. 12). Three days later, 999 Private Jet filed a Chapter 11 petition for bankruptcy in the U.S. Bankruptcy Court for the District of Central California. At the Appellee's request and per my direction, the Clerk of Court entered a notice of default against Defendants Elina Sargsyan and Edgar Sargsyan on September 14, 2018. (Docket Nos. 16, 17). After the entry of default against the Sargsyan Defendants, SBK Holdings USA, Inc. ("Appellant") moved to intervene as a party claiming ownership and a senior interest in the aircraft. (Docket Nos. 19, 26, 27). I granted the Appellant's Motion to Intervene, and the Appellee subsequently moved for summary judgment against the Appellant.

On September 12, 2019, I granted the Appellee's motion for summary judgment on all its claims against the Appellant, followed by an order for a separate and final judgment dismissing the Appellant's claims on the merits on November 20, 2019. (Docket Nos. 40, 46). The Appellant subsequently filed the instant appeal.

My separate and final judgment order did not dispose of every claim in the case; it left alive the Appellee's breach of contract claims against the Defendants. The Appellee has not moved for an order of default judgment against Elina or Edgar Sargsyan under Fed. R. Civ. P. 55, or requested an entry of default against 999 Private Jet, LLC. 999 Private Jet, which was owned and operated by the Sargsyan Defendants, has since been dissolved.

There was no just reason to deny separate and final judgment and for the appellate court to delay consideration of this appeal, as the only remaining claims in the case before the district court are against the Defendants, who have failed to appear at any point in the proceedings. Aside from the procedural issues, the claims between the Appellee and Appellant that are the subject of the appeal are factually distinct from the claims between the Appellee and the Defendants before the

district court. The Appellee's breach of contract claims against the Defendants concern the Defendants' failure to abide by the terms of the promissory note beginning in June 2018, while the claims between the Appellee and Appellant concern which party has a valid and senior interest in the contract collateral (the Gulfstream airplane) and are based on transactions prior to the promissory note's execution in 2017. Further delay in adjudicating the appeal will only serve to prejudice the Appellee, who took possession of the aircraft two years ago pursuant to my order and has struggled to find a buyer willing to purchase it while the appeal is pending.

However, there has been one recent and significant development in this case since the First Circuit entered its Order requesting a statement of reasons in support of the entry of separate and final judgment against the Appellant. On November 12, 2020, the Appellant filed a motion in the district court to set aside my summary judgment order and re-open discovery based on a criminal Information and felony plea agreement against Defendant Edgar Sargsyan that was unsealed over seven months ago, and which does not discuss the aircraft or the promissory note and security agreement. (Docket No. 49). On November 25, the Appellee filed its opposition, and the motion is ripe for disposition. (Docket No. 51).

In short, the Appellant's appeal and its November 12, 2020 motion both challenge the same summary judgment order. If the district court were to grant the Appellant's motion to set aside the summary judgment order, the Appellant's appeal would be moot. In the interest of judicial efficiency, I respectfully recommend that the First Circuit stay the appeal for a period of forty-five days until a ruling on the Motion to Set Aside is issued.

**SO ORDERED.**

              **/s/ TIMOTHY S. HILLMAN**
              **TIMOTHY S. HILLMAN**
              **DISTRICT JUDGE**