UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNIBANK FOR SAVINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | **NO. 4:18-40134-TSH** |
| **v.** | ) | |
| | ) | |
| **999 PRIVATE JET, LLC, ELINA** | ) | |
| **SARGSYAN, and EDGAR SARGSYAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER AND MEMORANDUM ON PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT (Docket Nos. 68, 69, 72)

**June 30, 2022**

**HILLMAN, D.J.**

In August 2018, Unibank for Savings ("Plaintiff") commenced this action against 999 Private Jet, LLC, Elina Sargsyan, and Edgar Sargsyan (collectively, "Defendants") for breach of contract. To date, Defendants have not responded to Plaintiff's complaint or otherwise appeared in the action. Accordingly, the Clerk has entered Defendants' default, and Plaintiff has filed motions for default judgment. (Docket Nos. 68, 69, 72).

A court may grant a default judgment without a hearing when "[the] court has jurisdiction over the subject matter and the parties, the allegations in the complaint state a specific, cognizable claim for relief, and the defaulted party had fair notice of its opportunity to object." *In re The Home Restaurants, Inc.*, 285 F.3d 111, 114 (1st Cir. 2002).

Here, the Court has diversity jurisdiction over Plaintiff's claims, *see* 28 U.S.C. § 1332, and personal jurisdiction over Defendants, *see Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*,

2

953 F.2d 21, 23 (1st Cir. 1992) (noting that personal jurisdiction can be established by proper service of process).  The complaint states a specific, cognizable claim for relief: Defendants executed a promissory note in favor of Plaintiff; thereafter, Defendants failed to make required monthly payments under the note.  *See Bose Corp. v. Ejaz*, 732 F.3d 17, 21 (1st Cir. 2013) (setting forth elements of breach of contract claim under Massachusetts law).  And Defendants had ample time to appear and object; they were served with the complaint in August 2018, and, more recently, Plaintiff's counsel certified that paper copies of the motions for default judgment would be sent to Defendants.  Accordingly, Plaintiff's motions for default judgment are ***granted***.

**SO ORDERED**

*/s/ **Timothy S. Hillman***
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**